**Dean RANKIN, et al., Plaintiffs,**

v.

**BOARD OF EDUCATION OF THE WICHITA PUBLIC SCHOOLS, U.S.D. 259, et al., Defendants.**

**No. 97–1196–JTM.**

United States District Court, D. Kansas.

July 25, 1997.

---

Douglas W. Phelps, Manhattan, KS, Robert D. Ochs, Sherry L. Collier–Diel, Topeka, KS, for plaintiffs.

David M. Rapp, Hinkle, Eberhart & Elkouri, L.L.C., Wichita, KS, for defendants.

## MEMORANDUM AND ORDER

REID, United States Magistrate Judge.

On June 10, 1997, plaintiffs filed a motion for an order to prohibit defendants from engaging in communications with plaintiffs or prospective members of the class for which plaintiffs seek certification (Doc. 19). Plaintiffs also seek a curative notice at defendants' expense. This court issued a temporary order on June 24, 1997, which was modified on June 26, 1997. The matter has been fully briefed by the parties and the court is ready to rule.

■ An order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties. Such a weighing should result in a carefully drawn order that limits speech as little as possible, consistent with the rights of the parties under the circumstances. Courts should not limit communication without a specific record showing by the moving party of the particular abuses by which it is threatened. If an order is entered which limits communications, explicit consideration should be given to the narrowest possible relief which would protect the

respective parties. *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 101–102, 101 S.Ct. 2193, 2200–2201, 68 L.Ed.2d 693 (1981). A district court has looked at the following four factors in determining whether good cause has been shown to limit communications: (1) the severity and likelihood of the perceived harm, (2) the precision with which the order is drawn, (3) the availability of a less onerous alternative, and (4) the duration of the order. *Hampton Hardware, Inc. v. Cotter & Co., Inc.,* 156 F.R.D. 630, 633 (N.D.Tex.1994).

Plaintiffs have brought this action seeking class action certification on behalf of all U.S.D. 259 students identified as speech-language impaired. The lawsuit was filed on May 5, 1997. On May 27, 1997, U.S.D. 259 wrote a letter to the parents of selected pupils regarding speech-language services. The letter acknowledges that certain speech-language services were not provided in 1996–97 for their children. The letter further states that compensatory speech-language services would be provided to make up for the missed services, possibly in the summer of 1997. The parents are asked to contact U.S.D. 259 if they wish to have such services provided. The letter further apologizes for the fact that the services were not provided. The letter concludes by stating that the services will be provided during the 1997–98 school year.

As to the presently named plaintiffs, contact with them should generally be made through plaintiffs' counsel. However, the court believes an exception to this ethical requirement should apply when necessary for the maintenance of services which are presently being provided to the plaintiffs, or in which the plaintiffs are currently enrolled. It would be very difficult, if not impossible, for the defendants to continue to provide services if all communications had to be made through counsel. Therefore, the court will maintain the conditions of the order as set forth on June 26, 1997 as to the named plaintiffs through the course of this litigation.

The next issue concerns prospective members of the class action for which plaintiffs seek certification. The court finds that plaintiffs have failed to make the necessary showing that the May 27, 1997 letter is an abusive action that requires protection from the court. As defendants acknowledge, they became aware of the problem when the lawsuit was filed and sent out the letter to all parents of applicable children that the necessary services would be provided. The court does not find that a letter of apology and an offer to provide needed services, even if they are a subject of this litigation, is an abusive practice requiring the protection of the court. The letter makes no reference to the litigation and does not even attempt to seek to discourage or prevent the recipients of the letter from participating in the lawsuit. Any prospective member of the class could choose to take advantage of defendants' offer and still choose to participate in this action should the class be certified. The court finds absolutely no merit in plaintiffs' contention that any curative notice is required because of the May 27, 1997 letter.

The only possible concern with unlimited communication would be if the defendants sought to directly lobby the prospective members of the class action concerning their possible participation in the class action, should it be certified. There is no legitimate purpose for defendants' to communicate with prospective members of the class concerning the lawsuit; such communications could invite abuse. *Hampton Hardware, Inc.,* 156 F.R.D. at 634. Therefore, the court will continue the provision of the June 26, 1997 order that, as to any prospective members of the class action for which plaintiffs seek certification, defendants and their counsel shall not make any contact or communication with them which expressly refers to this litigation. This provision permits defendants to continue to communicate with prospective class members so long as the communication is made in the ordinary course of providing educational services to the students, even though such communications may necessarily implicate the subject matter of the litigation. The only limitation on the defendants is that such communications not *expressly* refer to the litigation.

IT IS THEREFORE ORDERED that defendants' and their counsel shall not have any contact or communication with plaintiffs concerning the subject matter of this litigation, except through plaintiffs' counsel. This or-

der does not prevent defendants and their agents or employees from contacting or communicating with the plaintiffs when necessary for the maintenance of services which are presently being provided to the plaintiffs, or in which the plaintiffs are currently enrolled.

IT IS FURTHER ORDERED that, as to any prospective members of the class action for which plaintiffs seek certification, defendants and their counsel shall not make any contact or communication with them which expressly refers to this litigation. This provision shall remain in effect until the court rules on the class certification.